UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN GOLDMAN,<br>    Plaintiff,<br><br>v.<br><br>COX MEDIA GROUP, LLC, COX MEDIA GROUP OHIO, LLC, COX RADIO, INC., COX ENTERPRISES, INC., WSOC TELEVISION, INC., WPXI, LLC, KIRO-TV, INC., COX TELEVISION TULSA, LLC, GEORGIA TELEVISION, LLC, COX TELEVISION JACKSONVILLE, LLC, WFTV, LLC, and COX MEDIA GROUP NORTHEAST, LLC,<br>    Defendants.<br><br>COX MEDIA GROUP, LLC,<br>    Counterclaim Plaintiff,<br><br>v.<br><br>JUSTIN GOLDMAN,<br>    Counterclaim Defendant. | Civil Action No. 1:19-cv-02954 |

# CONFIDENTIALITY AGREEMENT AND [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced, or exhibited by and between the parties to the above-captioned action and any related judicial or administrative proceedings, including all of the cases filed by Plaintiff/Counterclaim Defendant Justin Goldman ("Plaintiff") against Defendants consolidated herewith[1] (hereinafter, collectively,

---

[1] The original S.D.N.Y. civil action numbers consolidated into this action are: 1:19-cv-09946-JMF; 1:19-cv-09949-JMF; 1:19-cv-09969-JMF; 1:19-cv-10019-JMF; 1:19-cv-10020-JMF; 1:19-cv-10024-JMF; 1:19-cv-10025-JMF; 1:19-cv-10036-JMF; 1:19-cv-10058-JMF; 1:19-cv-10061-JMF; 1:19-cv-10083-JMF; 1:19-cv-10105-JMF; 1:19-cv-10119-JMF; 1:19-cv-10126-JMF; 1:19-cv-10146-JMF; 1:19-cv-10787-JMF; 1:19-cv-10864-JMF; 1:19-cv-10691-JMF; 1:19-cv-10790-

the "Action") that relate to the parties' financial information, competitive information, personal information, unpublished proprietary information, or other kinds of commercially sensitive or private information that the party making the production deems to be Confidential Information, as defined in Section 1.A below; and

WHEREAS, the parties in the Action wish to enter into this Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents and information, to be entered by the United States District Court for the Southern District of New York in this Action; and

WHEREAS, the parties in the Action have agreed upon the below terms and conditions (the "Agreement"), and upon the Court's review of the terms and conditions in this proposed Protective Order submitted by the parties.

IT IS HEREBY ORDERED THAT

**I.     DISCOVERY PHASE**

A.     If a party has a good faith belief that specific identifiable not then publicly-accessible documents or other materials (including digital information) that are subject to disclosure pursuant to a discovery or other request  (1) contain information that such party would not normally reveal to third parties without causing such third parties to maintain it in confidence (such as information regarding the party's business affairs; contractual affairs; processes, plans, or installations; product information or know-how; marketing information; or other business or personal information) the revelation of which could cause identifiable harm to the disclosing party; and (2) should not be disclosed other than in connection with this action and pursuant to

---

JMF; 1:19-cv-10699-JMF; 1:19-cv-10924-JMF; 1:19-cv-10918-JMF; 1:19-cv-11060-JMF; 1:19-cv-10693-JMF; 1:19-cv-11146-JMF.

this Protective Order, the party shall mark each such document or other material as "CONFIDENTIAL." Any such information may be referenced herein as "Confidential Information."

  B. These obligations of confidentiality and nondisclosure shall bind the parties through all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, and shall survive the conclusion of this action until otherwise ordered by the Court, or until the parties to this action stipulate that designated Confidential Information can be disclosed.

  C. Documents and written discovery responses provided in this litigation may be designated by the producing person or by any party by marking each page of the documents so designated with a stamp indicating that the information is "CONFIDENTIAL," or, in the case of a discovery response, by so marking the response in question. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party by labeling the file name as "CONFIDENTIAL." If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "CONFIDENTIAL." In addition, documents may be designated "CONFIDENTIAL" by other means that clearly communicate that designation.

  D. If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion in accordance with this Court's Individual Rules of Practice in Civil Cases. In the event of a challenge, the

producing party shall have the burden of demonstrating to the Court that the materials in question are properly designated.

E.   No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order.

F.   Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this Action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, at any discovery deposition taken in this Action.

G.   Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty, may be designated by any party as CONFIDENTIAL by indicating on the record at the deposition that the testimony is CONFIDENTIAL and is subject to the provisions of this Order.

H.   Any party also may designate information disclosed at a deposition, hearing or trial as CONFIDENTIAL by notifying all parties in writing not later than 15 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as CONFIDENTIAL thereafter. All deposition transcripts shall be treated as CONFIDENTIAL for a period of 15 days after initial receipt of the final transcript. In the event that expedited disclosure may be required by a party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the CONFIDENTIAL information in question,

the concerned party shall negotiate in good faith for a shortened expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

  I.  Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive any document or other material which is marked "CONFIDENTIAL" pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which CONFIDENTIAL material or information is being used or discussed.

  J.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as CONFIDENTIAL with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

  K.  Confidential Information – or information incorporating Confidential Information - may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

    (1)  The Court and court personnel,

    (2)  (i) Counsel of record to the parties to the Action, (ii) in-house counsel, and (iii) other attorneys, clerical, secretarial, and paralegal staff employed by or working under the supervision of counsel of record or in-house counsel;

    (3)  Court reporters and videographers engaged for depositions in this Action;

    (4)  The parties and such of the directors, officers, agents, consultants, and employees of a party and any such subsidiaries or affiliates thereof to the extent necessary to assist in the conduct of the Action, subject to Section I.L.;

    (5)  Persons who were either authors or recipients, including copy recipients, of the Confidential Information;

    (6)  Experts or consultants, to the extent deemed necessary by counsel to assist in the conduct of this Action, subject to Section I.L.;

(7) Persons called to testify as a witness either at a deposition or court proceeding in this Action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials which is designated as "CONFIDENTIAL";

(8) Support vendors retained for photocopying, Bates labeling, indexing of documents, animation, and the like; and

(9) Any other person the producing party agrees to in writing, subject to Section I.L.

L. Prior to reviewing, seeing, or receiving Confidential Information, all persons specified in Sections I.K(4), I.K(6), and I.K(9) will be provided a copy of this Protective Order and asked to read such copy, and shall execute the certification in the form of **Exhibit A** hereto, except that a person specified in Section I.K need not do so if agreed in writing by the producing party. Prior to showing any Confidential Information, the person showing the material to a person specified in Sections I.K(4), I.K(6), or I.K(9) shall inform that person of the existence of the Protective Order, and any court Order entered in connection herewith, and explain both its terms and the Court's determination that anyone viewing Confidential Information is bound by the Court's Orders in this regard, and that sanctions for any violation of the Court's Order may include penalties imposed by the Court for contempt.

M. At the conclusion of the action, the parties or their attorneys must gather the CONFIDENTIAL materials, copies thereof, and related notes and memoranda that have been disclosed to them pursuant to this Protective Order, and either destroy them or return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order. Notwithstanding the foregoing, outside counsel for each party shall be permitted to retain copies of CONFIDENTIAL materials for archival purposes only.

N. The inadvertent or unintentional disclosure of the documents and things produced during the course of this litigation within the scope of Section I.A by any party, or their agents, representatives, consultants or experts, regardless of whether the material was so designated at the time of disclosure shall not be deemed a waiver in whole or in part of such party's claim of protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon discovery that a party has inadvertently disclosed any documents and things produced during the course of this litigation within the scope of Section I.A, the disclosing party shall have three (3) days from the date of discovery to designate the inadvertently-produced material via email or first class mail as Confidential Information in accordance with the provisions set forth herein. Any inadvertently-disclosed material so designated shall be subject to the same protections under this Protective Order as if the material were so designated prior to the inadvertent disclosure.

The receiving party shall promptly, within (3) days of discovery of any inadvertent disclosure of the documents and things produced during the course of this litigation within the scope of Section I.A, inform the producing party via email or telephonically of the information contained therein or any violation of this Protective Order that comes to its attention.

O. In addition to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the parties agree that the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party promptly notifies the receiving party in writing after discovery of such inadvertent production or disclosure. Such

inadvertently-produced or disclosed documents or information, including all copies thereof, shall be returned to the producing party or destroyed immediately upon request. The receiving party shall also immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged information. No use shall be made of such documents or information in discovery, in deposition, in court filings or at trial. Nor shall such documents or information be shown to anyone, after a request for their return, who is not entitled to have access to them. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize, or otherwise use the content of the inadvertently produced document or information (beyond any non-privileged information sufficient to provide the Court with necessary context to resolve the motion).

   P. If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing party no later than five business days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential Information on less than five business days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver by hand or email a copy thereof, to the attorneys for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith, however, if application for a protective order is made promptly before the

return date, the party to whom the subpoena is directed shall not produce such Confidential Information prior to receiving a court order or the consent of the producing party.

## II. POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any CONFIDENTIAL document or material, she or he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, (b) creating a mutually acceptable redacted version that suffices for purposes of the case, or (c) by agreeing to the filing of such CONFIDENTIAL material under seal. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with controlling precedent. *See, e.g., Press-Enterprise Co. v. Super. Ct.,* 478 U.S. 1, 8-9 (1986); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006).

## III. SURVIVAL OF AGREEMENT

A.  This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom CONFIDENTIAL material is produced or disclosed.

B.  With the Court's permission, this Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IV. MISCELLANEOUS**

A. This Protective Order may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document, and a legible facsimile signature shall have the same effect as an original.

B. This Protective Order shall be deemed effective immediately upon execution and shall be binding on the parties whether or not this Agreement is accepted as an Order of the Court until such time as the Court enters a protective order in this case, which will supersede this Protective Order unless the parties expressly agree otherwise.

C. Nothing in this Protective Order shall preclude any party from applying to the Court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced or created in this action or otherwise modify this Protective Order for good cause shown.

The undersigned parties and their counsel hereby consent to the terms of this Agreement and to the entry of the foregoing Protective Order.

Dated: New York, New York
March 5, 2020

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: /s/James A. Trigg
Robert N. Potter
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
rpotter@kilpatricktownsend.com

James A. Trigg (admitted *Pro Hac Vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500

Facsimile: (404) 815-6555

*Attorneys for Defendants/Counterclaim Plaintiff*

Dated: New York, New York
March 5, 2020

**NORWICK & SCHAD**
By: /s/Kenneth P. Norwick
Kenneth P. Norwick
Norwick & Schad
110 East 59th Street
New York, NY 10022
ken@norwickschad.com

*Attorney for Plaintiff Justin Goldman*

IT IS SO ORDERED:

_____
The Hon. Jesse M. Furman     March 6, 2020
United States District Judge
Southern District of New York

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally* Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUSTIN GOLDMAN,<br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>COX MEDIA GROUP, LLC, COX MEDIA GROUP OHIO, LLC, COX RADIO, INC., COX ENTERPRISES, INC., WSOC TELEVISION, INC., WPXI, LLC, KIRO-TV, INC., COX TELEVISION TULSA, LLC, GEORGIA TELEVISION, LLC, COX TELEVISION JACKSONVILLE, LLC, WFTV, LLC, and COX MEDIA GROUP NORTHEAST, LLC,<br>　　　　　Defendants.<br><br>COX MEDIA GROUP, LLC,<br>　　　　　Counterclaim Plaintiff,<br><br>　　　　　v.<br><br>JUSTIN GOLDMAN,<br>　　　　　Counterclaim Defendant. | Civil Action No. 1:19-cv-02954 |

## CERTIFICATION

The undersigned hereby acknowledges that he or she has received and read a copy of the Confidentiality Agreement and Stipulated Protective Order filed in the above-captioned action on March 5, 2020, and that he or she understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of this Court and understands that the Court may impose sanctions for any violation of the Confidentiality Agreement and Stipulated Protective Order.

This __ day of _____, 2020.

                                                      _____  
                                                      Name

                                                      _____  
                                                      Signature